IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 3:19-2094-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 46,740 dollars in United States Currency, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Collette Pinkard, | ) | |
| | ) | |
| Claimant. | ) | |
| | ) | |

The United States filed a Complaint in this civil forfeiture action on July 26, 2019. (ECF No. 1.) Claimant Collette Pinkard, proceeding without counsel, has responded with a claim and answer, asserting an ownership interest in the subject property. (ECF Nos. 8 & 29.)

The United States now moves to compel Pinkard's responses to the Government's first set of requests for production. (ECF No. 60.) The requests for production generally seek Pinkard's financial records, including Pinkard's recent tax returns and documents related to the property seized in this case. (ECF No. 60-1 at 3.) The United States served the requests for production on Pinkard in August 2020 and Pinkard's responses were due on September 28, 2020. Pinkard did not respond by that deadline and the United States sent Pinkard a letter asking that she respond by October 9, 2020. The United States asserts that it has yet to receive any responses from Pinkard to its requests for production or its letter. Pinkard filed a response in opposition to the

Government's motion that is mostly unresponsive to the Government's motion to compel,[1] but Pinkard states that she has "filed and entered copies of tax returns, bank statements, statements to support Tessas Kitchen and claim to 46,740.00."  (ECF No. 62 at 2.)  Attached to Pinkard's response is what appears to be one page of a four-page credit card statement from 2018 (ECF No. 62-1 at 10) and mailing instructions from Pinkard's tax preparer for Pinkard's 2019 federal tax return (ECF No. 62-1 at 12).

Rule 34(b) requires that:

The party to whom the request is directed must respond in writing within 30 days after being served . . . .  For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. . . .  An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2).  "The purpose of Rule 34 is to make relevant and nonprivileged documents, electronically stored information, and objects in the possession of one party available to the other, thus eliminating strategic surprise and permitting the issues to be simplified and the trial to be expedited."  8B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2202 (3d ed. 2020).

Here, Pinkard has not properly responded to the Government's request for production under Rule 34 because she has not specifically responded to each of the Government's requests and informed the United States whether she intends to produce the documents, object to the request, or move for a protective order.  To the extent the documents attached to Pinkard's response are responsive to the Government's request, Pinkard must explain so in writing.  Pinkard is ordered

---

[1] The response is partially captioned as a "motion to enforce judgment in favor of claimant."  As explained by the United States in its response, because the court has not yet entered a judgment in this case, there is no judgment to enforce.  Pinkard's motion is denied.  (ECF No. 62.)

to respond to each specific request for production, in writing, stating specifically whether Pinkard can and will provide the documents to the United States, and if not, specifically state her reasons for objecting to the Government's requests.  Alternatively, Pinkard may seek an order of protection under Federal Rule of Civil Procedure 26(c).[2]  However, failure to respond to the Government's request for production or move for a protective order may result in sanctions.  See Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that the court may order sanctions if a party fails to serve its answers, objections, or written response to requests for production under Rule 34).  Accordingly, the Government's motion to compel (ECF No. 60) is granted.  Pinkard is ordered to file her responses, as detailed above, on or before **November 27, 2020**.

      **IT IS SO ORDERED**.

November 5, 2020                                Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

---

[2] "A party or any person from whom discovery is sought may move for a protective order . . . .  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).