IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 3:19-2094-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 46,740 dollars in United States Currency, | ) | **ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Collette Pinkard, | ) | |
| | ) | |
| Claimant. | ) | |
| | ) | |

The United States filed a Complaint in this civil forfeiture action on July 26, 2019. (ECF No. 1.) Claimant Collette Pinkard, proceeding without counsel, has responded with a claim and answer, asserting an ownership interest in the subject property. (ECF Nos. 8 & 29.)

The Government moved to compel Pinkard's responses to the Government's first set of requests for production. (ECF No. 60.) The requests for production sought copies of Pinkard's federal and state tax returns from 2015 to 2019 and any documents that explain the source of or Pinkard's acquisition and ownership of the subject property. (ECF No. 60-1 at 3.) The Government served the requests for production on Pinkard in August 2020 and Pinkard's responses were due on September 28, 2020. Pinkard did not respond by that deadline and the Government sent Pinkard a letter asking that she respond by October 9, 2020. Pinkard filed a response in opposition to the Government's motion stating that she has "filed and entered copies of tax returns, bank statements, statements to support Tessas Kitchen and claim to 46,740.00." (ECF No. 62 at 2.) Attached to Pinkard's response is a four-page credit card statement from 2018 (ECF No. 62-1

at 10) and mailing instructions from Pinkard's tax preparer for Pinkard's 2019 federal tax return (ECF No. 62-1 at 12).

On November 6, 2020, the court ordered that Pinkard respond to each of the Government's specific requests for production in writing, stating specifically whether she intends to produce the documents or object to the request as required by Federal Rule of Civil Procedure 34, or move for a protective order pursuant to Federal Rule of Civil Procedure 26. (ECF No. 69.) Pinkard filed a response to the Government's requests on November 19, 2020. (ECF No. 71.) Attached to the response is Pinkard's unsigned 2019 tax return and various financial documents. Responding specifically to each of the Government's enumerated requests for production, Pinkard asserts that she has provided some of the tax returns requested by the Government, but the Government will have to seek her remaining tax returns from the Internal Revenue Service. Pinkard also asserts that the financial documents she has provided are the documentation upon which she believes explain the source of or Pinkard's acquisition and ownership of the subject property.

The Government now files a new motion to strike, (ECF No. 72), arguing that Pinkard's response is still unresponsive as to the tax returns. Specifically, the Government argues that because Pinkard asserted in her response to special interrogatories that the subject property was legitimate business income, Pinkard's failure to respond to the request for production of her tax records requires the court to strike Pinkard's claim and answer. The court disagrees. Pinkard asserts that she has provided tax returns to the Government and that the Government can seek the other returns from the Internal Revenue Service. In light of Pinkard's *pro se* status, the court construes this response as asserting that she does not have possession, custody, or control of the

other tax returns.  See Fed. R. Civ. P. 34(a)(1).[1]  Accordingly, Pinkard's claim and answer should not be stricken pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Government's motion to strike (ECF No. 72) is denied.[2]

December 21, 2020  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Government asserts Pinkard has failed to respond to a request for business income not found on Pinkard's personal income taxes, the Government's request for production did not mention business income taxes.

[2] Pinkard filed a motion to dismiss in which she cites no applicable legal basis for dismissal, and therefore, Pinkard's motion is denied.  (ECF No. 74.)