IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 3:19-2094-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 46,740 dollars in United States Currency, | ) | **ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Collette Pinkard, | ) | |
| | ) | |
| Claimant. | ) | |
| | ) | |

The United States filed a Complaint in this civil forfeiture action on July 26, 2019.  (ECF No. 1.)  Claimant Collette Pinkard, proceeding without counsel, has responded with a claim and answer, asserting an ownership interest in the subject property.  (ECF Nos. 8 & 29.)  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a ruling on the Government's motion for summary judgment.  (ECF No. 90.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the Government's motion.  (ECF No. 92.)  Pinkard filed a response in opposition to the motion.  (ECF No. 94.)  Having reviewed the record presented and the applicable law, the Government's motion is granted.

## BACKGROUND

The following facts are either undisputed or are taken in the light most favorable to the nonmovant, to the extent they find support in the record.  On April 16, 2019, Pinkard was detained at the Columbia Metropolitan Airport while attempting to fly to Portland, Oregon.  Pinkard was

stopped at the security checkpoint after a K-9 unit alerted security to Pinkard's duffle bag. Security found $46,740 in cash in Pinkard's bag. The cash was hidden inside rolled up shirts and pants pockets and bound with rubber bands, and the bag contained no toiletries. Pinkard told law enforcement that she was only carrying $10,000 in cash and that she was flying to Oregon to purchase a recreational vehicle for her food truck business, Tessa's Kitchen. Pinkard also told law enforcement that she recently sold her home located at Barksdale Drive in Columbia, South Carolina and that the cash was a down payment from a friend, though Pinkard did not provide the name of the friend. A subsequent investigation determined that no record of the home sale existed and Pinkard continued to live in the home. Pinkard also admitted to smoking marijuana.

Pinkard and her family have a history of drug-related crimes and activities. In 2000, Pinkard was convicted of receiving stolen goods and possession of twenty-eight grams or less of marijuana and ten grams of hash. In 2015, the United States Postal Inspection Service ("USPIS") began tracking numerous packages shipped between Oregon and the Columbia, South Carolina area, all at addresses affiliated with Pinkard and her family. During its investigation from 2015 to 2019, USPIS seized multiple packages containing kilogram quantities of vacuum-sealed bags of marijuana. For example, in 2017, United States Postal Inspectors seized a package sent from Pinkard's Barksdale Drive home in Columbia after a drug dog alerted to it. The package, addressed to Pinkard at an Oregon address, contained $32,000. Pinkard claimed the cash was from an insurance check to buy a food truck for Tessa's Kitchen, but the cash was eventually forfeited to the United States in a civil forfeiture action in this court. See United States v. 32,000 dollars in U.S. Currency, C/A No. 3:17-2439-CMC. Records from that case show that Pinkard purchased a postal money order made payable to the Oregon Health Authority/Office of Medical Marijuana Programs, which deposited the money order.

In May 2017, Pinkard's daughter-in-law, Deborah Hardison, was arrested after she picked up a package mailed to a drug mule in Columbia. In August 2017, the Utah Highway Patrol executed a traffic stop of a vehicle driven by Pinkard's son, Donald Tartt, with Pinkard's grandson, Brandon Pinkard, as a passenger. The vehicle was registered to Collette Pinkard. A search of the vehicle revealed eighteen packages of raw marijuana and a cell phone. The cell phone included messages from people requesting to purchase various amounts of marijuana. Donald Tartt admitted to purchasing marijuana in Oregon and driving it back across the country to sell.

In May 2018, Utah Highway Patrol stopped a vehicle driven by Donte Tartt in which Donald Tartt was a passenger. They were driving from Oregon to South Carolina. Pinkard's son fled the scene but was later apprehended. The Utah Highway Patrol found marijuana in vacuum sealed plastic bags that were wrapped up as presents in the rear cargo area of the vehicle.

In January 2019, Pinkard's Barksdale Drive home in Columbia was searched by the Richland County Sheriff's Department pursuant to a warrant and controlled delivery of marijuana. The operation resulted in the arrest of Donte Tartt, Brandon Pinkard, and Michael Graves for possession with intent to distribute marijuana and gun charges.

As part of this civil forfeiture action, the Government has obtained records related to Collette Pinkard's finances. Records from the South Carolina Department of Employment and Workforce show that Pinkard has had no reported wages since 2011. The South Carolina Department of Revenue reports that Pinkard last filed taxes in South Carolina in 2016, wherein she and her husband reported that Tessa's Kitchen lost $9,005. Partial tax records provided by Pinkard show that in 2018, she and her husband reported wages of $22,860 and a loss of $13,243, and in 2019, they reported an adjusted gross income of $18,026. In the 2018 tax records, the couple listed a Corvallis, Oregon address. The Government sought records from the South

Carolina Department of Health and Environmental Control—the state agency responsible for permitting food trucks—regarding Tessa's Kitchen. However, the agency reported no records for a food truck by that name.

Partial records of Pinkard's taxes show that that Pinkard reported that Tessa's Kitchen lost $13,243 of income in 2018 and that she and her husband reported $9,617 in gross income that year. A prior law enforcement inquiry shows that the Oregon address Pinkard used on her tax forms did not exist.

The Government filed this civil forfeiture action against the $46,740 seized from Pinkard at the Columbia Metropolitan Airport. Pinkard filed a claim and answer asserting an ownership interest in the $46,740.

## DISCUSSION

### A.    Summary Judgment

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also United States v. Leak, 123 F.3d 787, 793 (4th Cir. 1997) (applying Rule 56's summary judgment procedures to civil forfeiture actions). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    The Government's Motion**

The Government contends that the Defendant $46,740 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) (forfeiture of money from drug trafficking) and 18 U.S.C. § 981.  In civil forfeiture actions, the initial burden is on the Government to show probable cause that the property is liable for forfeiture—that is, that a substantial connection exists between the property forfeited and the criminal activity defined by the statute.  Leak, 123 F.3d at 792 (quoting United States v. $95,945.18, United States Currency, 913 F.2d 1106, 1110 (4th Cir.1990)).  "Under the substantial

connection test, the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime. At minimum, the property must have more than an incidental or fortuitous connection to criminal activity." United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990); see also United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990) ("Circumstantial evidence of drug transactions is sufficient to support the establishment of probable cause in a forfeiture proceeding, without showing a direct connection between the property subject to seizure and the illegal activity that renders the items forfeitable.") (internal quotation marks and citations omitted). The court looks to the totality of the evidence to determine whether the Government has met its burden. Thomas, 913 F.2d at 1115.

If the Government meets its burden of establishing probable cause that the property is subject to forfeiture, the burden shifts to the claimant to show by a preponderance of the evidence that the forfeiture is not warranted—that is, that the property was not used in violation of the law or was not intended to be used unlawfully. Leak, 123 F.3d at 793; $95,945.18, United States Currency, 913 F.2d at 1110. However, under Rule 56, the Government still has the responsibility to show that there is no genuine issue of material fact. Leak, 123 F.3d at 793.

Here, the Government presents substantial evidence that the Defendant $46,740 was intended to be used for trafficking marijuana. The Defendant $46,740 was found in Pinkard's carryon bag as she was attempting to fly to Oregon, a source state for marijuana previously used by Pinkard. See, e.g., Thomas, 913 F.2d at 1116 (stating that travel patterns to known sources of illegal drugs is a significant factor to consider in probable cause determinations). The cash found in the bag was hidden in folded clothing and bound with rubber bands. See United States v. $242,484.00, 389 F.3d 1149, 1161 (11th Cir. 2004) (stating that the quantity of cash is "a significant fact and weighs heavily in the probable cause calculus" because "as a matter of common

knowledge and common sense, legitimate businesses usually do not transport this much cash by couriers" and the use of rubber bands is commonly associated with how drug organizations bundle money). Also, Pinkard and her family and associates have a documented history of illegally procuring, transporting, and selling marijuana. See, e.g., Thomas, 913 F.2d at 116 (providing that the claimant's history of illegal drug activity was probative in connecting criminal conduct and the subject property); United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 286 (6th Cir. 1992) ("A claimant's record of drug activity is a highly probative factor in the forfeiture calculus.").

Pinkard told law enforcement the money was intended to purchase a food truck, which is the same explanation she gave that was previously found not credible in a prior seizure, and subsequent investigation showed that no such business existed. Also, Pinkard's known income is not sufficient to explain her possession of such a large amount of cash and Pinkard's explanations for the origin of the cash were inconsistent. See, e.g., Thomas, 913 F.2d at 1114 ("Rather, where a defendant's verifiable income cannot possibly account for the level of wealth displayed and where there is strong evidence that the defendant is a drug trafficker, then there is probable cause to believe that the wealth is either a direct product of the illicit activity or that it is traceable to the activity as proceeds.") (internal quotations omitted) (quoting Edwards, 885 F.2d at 390). Therefore, the Government has shown probable cause that the Defendant $46,740 is subject to forfeiture pursuant to 21 U.S.C. § 881(6). See, e.g., United States v. Currency, U.S., $864,400.00, 405 F. App'x 717, 719 (4th Cir. 2010) (affirming the trial court's grant of summary judgment to the Government in a civil forfeiture action, where law enforcement found $7,000 on the claimant during a traffic stop when narcotic detection canines alerted to the presence of narcotic odors, the claimant attempted to conceal the currency, and the claimant was nervous and gave inconsistent statements).

At the next stage of the analysis, the Government asserts that Pinkard cannot establish by a preponderance of evidence that the Defendant $46,740 was not intended to be used to purchase marijuana. The court agrees. Pinkard fails to point to any evidence from which a reasonable jury could conclude that she did not intend to use the cash for an unlawful activity. First, Pinkard does not present any evidence to refute the Government's evidence that she has a history of illegally trafficking marijuana between Oregon and South Carolina and that her behavior is strikingly similar to her and her associates' past attempts to travel to Oregon to purchase marijuana. Second, Pinkard's explanations intended to show that she was not engaged in illegal drug activity are not supported by any evidence in the record. Pinkard argues that she told law enforcement at the airport that she was in the process of selling her house, but no evidence in the record supports that assertion or contradicts the Government's evidence showing she does not own the house. Nor does she explain why she would be travelling with cash before completing the sale of her house. Pinkard also argues that the Government has engaged in various forms of prosecutorial misconduct, such as hiding evidence of illegal investigative actions, but no evidence in the record supports her argument. Thus, Pinkard fails to meet her burden of showing that there is a genuine issue of material fact as to whether the forfeiture is warranted.

Based on the foregoing, it is hereby

**ORDERED** that the Government's motion for summary judgment is granted. (ECF No. 90.) In light of the court's ruling, the Government's motion requesting a court appointed mediator is terminated as moot. (ECF No. 81.)

**IT IS SO ORDERED**

April 6, 2021
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE